FRUGÉ, Judge.
Plaintiff, Janice Mae LaTour Fuselier, sued defendant, John Raphael Fuselier, for a separation from bed and board. Defendant reconvened for a divorce and custody of the couple’s two minor daughters. The trial court complied with plaintiff’s request for a separation from bed and board and denied defendant’s reconventional demands for a divorce and custody of the children. Defendant, plaintiff in reconvention, sus-pensively appealed the trial court’s judgment in so far as it denied him a divorce on the basis of adultery and granted plaintiff custody of the two children.
Defendant, plaintiff in reconvention, contends that the trial court abused its discretion in holding that defendant did not produce sufficient evidence to prove that plaintiff had committed an adulterous act. The defendant produced two witnesses concerning an alleged act of adultery by the plaintiff on the evening of October 29, 1966.
Mrs. Dorothy Thibodeaux Cobb testified that she and Mrs. Fuselier used to “pal around together” although Mrs. Cobb was single and Mrs. Fuselier was married to plaintiff. On occasion Mrs. Cobb would babysit for Eugene Clyde Fontenot and frequently Mrs. Fuselier would visit Mrs. Cobb while she was babysitting. On one such occasion, Mrs. Cobb’s boyfriend (to whom she is now married) and a friend of his, known only to Mrs. Cobb as “Red”, joined Mrs. Cobb and Mrs. Fuselier at the Fontenot home. Mrs. Cobb testified that “Red” and Mrs. Fuselier went into a bedroom and stayed for some time, but Mrs. Cobb could not say for how long.
Defendant’s other witness, Eugene Clyde Fontenot, testified that he returned to his *338 home on the night of October 29, 1966, to pick up some work clothes. His sister-in-law, (Mrs. Cobb) and her boyfriend were sitting in the living room. When Mr. Fon-tenot entered the bedroom it was dark, but the heater was on and he saw a man and a woman lying side by side in his bed. He said that he knew it was a man and a woman because a pair of men’s shoes were by the head of the bed and a woman’s girdle was lying on the end of the bed. He then left without inquiring further into the situation.
It is well settled that adultery can be proven by indirect and circumstantial evidence as well as by direct or positive evidence. Hayes v. Hayes, 225 La. 374, 73 So.2d 179 (1954); Coston v. Coston, 196 La. 1095, 200 So. 474 (1941). However, such evidence “must be so convincing as to exclude any other reasonable hypothesis but that of guilt.” Hayes, supra, 73 So.2d p. 180,
We are not favored with an opinion by the trial court giving its reasons for judgment. Appellee’s counsel, however, emphasized that the two witnesses did not come forth for some two and one-half years after the alleged act and after plaintiff had filed suit for a separation from bed and board. The alleged co-respondent “Red” although supposedly known by Mrs. Cobb for some time and a friend of her husband’s could be no further identified. Apparently the trial court did not place much reliance on the testimony of defendant’s two witnesses, and in view of the surrounding circumstances had ample basis for doing so. It is well settled that the trial court’s ruling will not be reversed unless it clearly abused its discretion. In view of the strong burden of proof required to prove adultery and the nature and timing of the testimony presented, we cannot say that the trial court was manifestly erroneous in denying defendant, plaintiff in reconvention, a divorce on the grounds of adultery.
The second issue in this case is that of the custody of the couple’s two minor daughters. In such a case the welfare of the children is the primary consideration and it is generally held that their welfare is best advanced by awarding custody to the mother, unless she is unfit or unable to care for them. In Kieffer v. Heriard, 221 La. 151, 58 So.2d 836, 839 (1952), the Louisiana Supreme Court said, “It is also well established that the paramount consideration in determining to whom the custody of a child should be given after the divorce is the welfare and the best interest of the child, and under this rule this court has consistently awarded the custody of minor children to the mother unless she has been found to be morally unfit or unless she is incapable of taking care of the children”, several cases cited.
Defendant, in attempting to prove plaintiff’s unfitness, showed that once plaintiff had taken the older daughter into a bar for a short period of time. Plaintiff’s explanation was that she and her daughter (her only child at the time) were riding with Mrs. Cobb, who had stopped and gone into the “Lodge”, a lounge in Eunice. Mrs. Cobb stayed inside for a long while and when Mrs. Fuselier decided to fetch her she carried the child in rather than leave her unattended.
This incident, even without the explanation, falls far short of proving that Mrs. Fuselier was or is unfit. In addition Mrs. Fuselier’s father spoke highly of her qualifications as a mother and his testimony was uncontradicted. It was stipulated that two more witnesses would have given substantially the same testimony. Therefore it is clear that the trial court properly awarded custody of the two children to Mrs. Fuse-lier.
For the foregoing reasons, the judgment of the trial court is affirmed at defendant-reconvenor-appellant’s cost.
Affirmed.