FRUGÉ, Judge.
This is a suit on a promissory note executed by defendant, Hannon McNeal and his wife, in favor of plaintiff, Alexandria Volkswagen, Inc., the holder and payee of the note.
Defendant resists the action contending his wife signed his name without his authorization. The trial court concluded that the signature was authorized and gave judgment for the plaintiff. Defendant appealed. We affirm.
The note was executed along with a contract for the purchase of a Volkswagen for Mrs. McNeal. The defendant’s wife paid most of the payments on the debt from the date of execution, 12 August, 1968, until the note became due and remained unpaid on 23 August, 1970. Defendant made some payments on the note during this period. The title certificate for the vehicle was issued in his name.
*485 After purchase of the vehicle, defendant and his wife became separated. On the same date of the judicial separation, 21 January, 1969, they also executed a community property settlement in which Mrs. McNeal got the automobile and assumed the associated indebtedness. In August, 1970, Mrs. McNeal filed for the Status of a Bankrupt and in her schedule listed the note as her indebtedness. She was subsequently adjudicated as bankrupt.
During this same period the Volkswagen was wrecked and returned to the dealer. The insurance had been cancelled because of non-payment of premiums.
“Authority to execute, indorse, or transfer negotiable instruments, such as a bill of exchange or promissory note, need not be in writing, but may be conferred by parol, although the authority is not to be lightly inferred, but must be clearly shown. 2 Corpus Juris, 451; Verbo Agency, § 51. * * *
“Also, where a person’s name is signed for him at his direction and in his presence by another, the signature becomes his own, and is sufficient to give the same validity to an instrument as though written by the person himself. 36 Cyc. 451, Verbo Signatures, point 28. * * * ”
Coats v. Guaranty Bank and Trust Co., 174 La. 503, 141 So. 41 (1932); Elmore v. Butler, 169 So.2d 717 (La.App. 2nd Cir., 1964); Perdido Finance Co. v. Falgout, 77 So.2d 896 (La.App.Orl., 1955).
Mrs. McNeal testified that she was authorized to sign defendant’s name. He participated in the purchase of the vehicle and was present when the note was executed. Both she and the salesman who sold the automobile testified that defendant said to Mrs. McNeal “to go ahead and sign my name to the papers, you always do”, or similar words to that effect. Mrs. McNeal testified that defendant usually made her sign when purchasing obj ects on credit.
Defendant denies that he was present when the automobile was purchased or that he was near the dealership. In addition to the testimony of his wife and the salesman that he was there, the president of the dealership testified he saw defendant at the dealership at about the date the note was signed.
The trial judge heard the witnesses, and we cannot conclude that he was in manifest error for ruling against defendant.
Defendant has requested us to remand this suit for the admission of new evidence. Principally, the testimony of the defendant’s daughter that defendant was at her home when the note was executed.
Defendant has not adequately shown that this testimony could not have been discovered with due diligence before or during the trial. LSA-C.C.P. 1972. The request for a remand must be denied.
For the foregoing reasons, the judgment is affirmed. The defendant-appellant to pay the costs.
Affirmed.