255 So.2d 630 (1971)
Roberta Hale HEBERT, Plaintiff-Appellant,
v.
Cleveland J. HEBERT, Jr., Defendant-Appellee.
No. 3671.
Court of Appeal of Louisiana, Third Circuit.
December 2, 1971.
*631 Cormie & Morgan, by Robert E. Morgan, Lake Charles, for plaintiff-appellant.
Raleigh Newman, Lake Charles, for defendant-appellee.
Before SAVOY, HOOD and MILLER, JJ.
HOOD, Judge.
Mrs. Roberta Hale Hebert instituted this suit for separation against her husband, Cleveland Hebert, Jr. She also demands custody of their three minor children, alimony *632 and child support, and attorney's fees. The trial court rendered judgment granting the separation, awarding Mrs. Hebert custody of two of the children, awarding Mr. Hebert custody of one child, and condemning defendant to pay alimony and support. Mrs. Hebert has appealed. We affirm.
The sole issue presented is whether the trial judge erred in awarding the custody of one of the children, Dana Lee Hebert, to the defendant father.
Mr. and Mrs. Hebert were married in 1956, and the following three children were born of that union: Dianna Denise, who is now 15 years of age; Dana Lee, now 13; and Robert Scott, who is 11.
The parties obviously have not had a happy married life. Mrs. Hebert has left her husband at least three times, and on each occasion they lived separate and apart for several months. During these periods of separation, prior to the last one, Mr. Hebert remained in the family home in Louisiana, and all three of the children were left with him. Although Mrs. Hebert was the one who left the matrimonial domicile each time the parties separated, the evidence indicates that both were at fault in contributing to their marital difficulties.
In June, 1969, Mr. Hebert obtained a legal separation from his wife, but the parties became reconciled and resumed living together a little more than a year later, in July, 1970. That reconciliation lasted only a few weeks, however, and the parties separated again in August or September, 1970. They have not lived together since that time. Mrs. Hebert is living in Lake Charles, and Mr. Hebert lives in Houma, Louisiana. Two of the children, Dianna Denise and Robert Scott, have been living with the mother, Mrs. Hebert, since the 1970 separation. The remaining child, Dana Lee, has been living with Mr. Hebert, in Houma, since that time.
This suit was instituted on September 22, 1970. A summary judgment was rendered by the trial court on November 4, 1970, granting to Mrs. Hebert the temporary care, custody and control of Dianna Denise and Robert Scott, and granting to Mr. Hebert the temporary care, custody and control of the third child, Dana Lee. The case was tried on its merits on December 1, 1970, and on that date judgment was rendered granting the separation, and awarding the permanent custody of Dana Lee to the father, Mr. Hebert, and the permanent custody of the other two children to the mother.
Plaintiff urges several grounds to support her claim that she is entitled to obtain the custody of Dana Lee, as well as that of the other two children. Her principal arguments are that the mother has a paramount right to the custody of her children, that it would be to the best interests of all three children that they not be separated, and that defendant is unfit to have custody of the child.
The established general rule is that the mother's right to the custody of her children, especially when they are of tender age, is preferred to that of the father. This rule is based on the presumption that ordinarily the best interests and welfare of the children will be served by placing them in the care and custody of the mother. It, however, is not a hard and fast rule which is rigidly binding in all cases. The presumption should be considered in every custody case, where applicable, but it may be overcome by other facts and circumstances. Nugent v. Nugent, 232 So.2d 521 (La.App. 3 Cir. 1970); Tullier v. Tullier, 140 So.2d 916 (La.App. 4 Cir. 1962); Gentry v. Gentry, 136 So.2d 418 (La.App. 1 Cir. 1961).
The separation of children of a family, though sometimes necessary, is a custodial disposition which courts seek to avoid. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969); Rose v. Rose, 177 So.2d 659 (La.App. 3 Cir. 1965).
The paramount question to be considered and answered in determining to *633 whom the custody of the child should be granted is: What would serve the greatest advantage, the best interest and the best welfare of the child? Nugent v. Nugent, supra; Jackson v. Jackson, 217 So.2d 223 (La.App. 2 Cir. 1969); LeBlanc v. LeBlanc, 194 So.2d 122 (La.App. 3 Cir. 1967); LSA-C.C. Art. 157.
The trial judge has much discretion in awarding the custody of a child whose parents have been legally separated or divorced, and his conclusions are entitled to great weight. The determinations made by the trial judge as to custody, therefore, will not be set aside unless it clearly appears that there has been an abuse of discretion or unless the judgment awarding custody has been based upon incorrect legal principles. Nugent v. Nugent, supra; Bush v. Bush, 144 So.2d 119 (La.App. 4 Cir. 1962); Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952).
Dana Lee Hebert, the child whose custody is to be determined here, is 13 years of age. She has always lived with her father, even while her parents were separated. Defendant is financially and physically able to care for her, and the evidence indicates that she is being well cared for. Dana Lee is attending a Catholic school, and she appears to be happy. She testified that although she would like to be with her brother and sister, she preferred to stay with her father, "because I have been with him all my life, and I'd be scared that my mother would just go off and leave us again." She also stated, "I wouldn't want to live with my mother," and that "I'm pretty sure she would go off and leave us * * * as she did six or seven times already."
We are aware of the rule that the desire of the child should not be controlling in determining to whom custody should be awarded. Her desire, however, is a factor which may and should be considered, along with all of the other circumstances, in making that determination. Franz v. Franz, 230 So.2d 450 (La.App. 4 Cir. 1970); Cenac v. Power, 211 So.2d 408 (La.App. 1 Cir. 1968); Rose v. Rose, supra; Holley v. Holley, 158 So.2d 620 (La. App. 3 Cir. 1963). In the instant suit we think the preference expressed by Dana Lee should be given more than casual consideration because of her age, and because of the feeling of insecurity which she obviously would experience if she should be placed in the custody of the mother.
Plaintiff contends as one of the grounds for claiming custody of Dana Lee that defendant is unfit to have the custody. Each party presented substantial evidence tending to show the unfitness of the other. This evidence has caused us some concern, as it did the trial judge, but we are unable to determine from the facts presented whether either parent is more or less fit than the other to have custody of this child. We accordingly find no merit to plaintiff's argument that she is entitled to be awarded the custody on the ground that her husband is unfit to care for the child.
The question of custody was before the trial court on two occasions, on November 4 and on December 1, 1970. Evidence was presented on both of those dates, and on each occasion the trial judge concluded that it would be to the best interests of all of the children that Dana Lee remain in the custody of her father, where she has lived all her life, and that the other two children remain in the custody of their mother.
After considering all of the evidence and the rules which have been established relating to custody, we have concluded that the trial judge did not abuse his discretion in awarding the custody of Dana Lee to the defendant father. In arriving at that conclusion we have considered the presumption that ordinarily the best interest of the child would be served by placing her in the custody of the mother, and that the custody award involves the *634 separation of the children of a family. We agree with the trial court, however, that under the facts and circumstances presented here the greatest advantage, the best interests and the best welfare of the child would be served by permitting Dana Lee to remain in the custody of her father.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.