HOOD, Judge.
Joseph Merlin Bertrand instituted this suit against his wife, seeking a divorce on the grounds of adultery and the custody of a minor child of the marriage. The defendant answered, denying the material allegations contained in plaintiff’s petition, and she reconvened for divorce against her husband, alleging adultery on his part. She also prays for custody of the child, and for alimony and child support.
The trial court rendered judgment rejecting the demands of both parties for divorce, awarding custody of the child to the defendant wife, and ordering Mr. Bertrand to pay alimony and child support. Plaintiff appealed, and Mrs. Bertrand has answered the appeal.
The issues are whether the evidence supports the demand of either party for a divorce, and whether the trial judge erred in awarding the custody of the minor child to the mother.
*129 The parties were married in 1938, and they lived together in Jefferson Davis Parish from that date until they separated on November 4, 1969. Four children were born of this marriage, only one of whom is still a minor.
After the parties separated, Mrs. Bertrand moved to Crowley, in Acadia Parish, and in January, 1970 she filed suit of separation from bed and board against her husband in the Fifteenth Judicial District Court, Acadia Parish. That suit was not contested, and on February 4, 1971, judgment was rendered by that court in favor of Mrs. Bertrand, decreeing a separation between the parties, and ordering Mr. Bertrand to pay alimony at the rate of $100.00 per month. Nothing was mentioned in that judgment about the custody of the minor child.
About the middle of June, 1971, Mrs. Bertrand moved to Jennings, in Jefferson Davis Parish, and began living in the home of Albert Roy, in that city. Mr. Roy continued to live in the same residence building while Mrs. Bertrand was there. On July 15, 1971, or about one month later, Mrs. Bertrand moved out of the Roy home into an apartment, located in another part of Jennings, and she and her minor daughter have made their home in that apartment since that time.
This suit was instituted on July 15, 1971, that being the day on which Mrs. Bertrand left the Roy residence. It was filed in the Thirty-first Judicial District Court, in Jefferson Davis Parish. Plaintiff alleges that his wife was living with Albert Roy when the suit was filed, that she particularly lived with him from June 26 through June 29, 1971, and that during that time she committed acts of adultery with Roy.
At the trial a detective who had been employed by plaintiff stated that he had maintained surveillance of the Roy residence from June 26 until June 29, 1971, and that he was assisted by another detective employed by plaintiff on the last of the above mentioned dates. The substance of the testimony of these two detectives is that Roy and Mrs. Bertrand stayed alone in that residence during each of those nights, and that on one of those evenings defendant accompanied Roy to a night club, and then to a private camp, before they returned to the Roy residence after midnight.
Mrs. Bertrand freely admitted that she had resided in the Roy home from about the middle of June until July 15, 1971. She stated however, that she had rented one bedroom in that home from Roy, that she resided in the house solely as a renter, that she occupied only the room which she rented, except that she had kitchen privileges, and that she did not at any time share a room with Roy or commit adultery with him. She conceded that she had gone with Roy to night clubs and other places of amusement several times, but she stated that they usually were accompanied by one or more other persons each time they went out together.
Defendant testified that Roy was a close family friend, and that she rented a room from him at the rate of $40.00 per month only until she could find an apartment in Jennings. She stated that she found an apartment shortly before this suit was filed, and that she had just returned to the Roy home to pick up her belongings when service of process in this suit was made on her. Although she concedes that no one, other than Roy and herself, lived in the Roy home during that time, she stated that her minor child had spent four or five nights with her there, that she occasionally entertained friends in the Roy residence while she lived there, that there was a lock on the door of the bedroom which she occupied, and that she kept the door locked at night while she stayed there. She produced a receipt signed by Roy evidencing a payment of $40.00 to him for one month’s rent of this room.
Roy is 61 years of age. His home consists of five rooms and one bath. There are three bedrooms in it, one of which he *130 has rented on prior occasions, and he apparently holds it out regularly for rental purposes. Mrs. Bertrand occupied that room while she was there. She shared the use of the bathroom and kitchen with Roy, but both testified that she did not prepare meals for Roy and she did not keep house for him. Roy usually ate his meals at restaurants. Roy’s testimony corroborates that of Mrs. Bertrand.
Three other witnesses testified that they had visited in the Roy home frequently, and one of them, Roy’s sister, stated that she had stayed there overnight on two occasions. All of them testified that Mrs. Bertrand’s belongings were kept solely in her room, that none of Roy’s clothes or belongings were ever seen in that room, and that they never observed anything which would indicate that Roy and Mrs. Bertrand had occupied the same room or had conducted themselves improperly.
The trial judge concluded that the evidence failed to establish that defendant and Roy had committed adultery, and he thus rejected plaintiff’s demand for a divorce. It is apparent from his reasons for judgment that he attached a great deal of weight to the testimony of defendant’s sister, which was to the effect that Mrs. Bertrand did not live with Roy or have any improper relations with him.
Acts of adultery can be proved by circumstantial and indirect evidence. Havens v. Havens, 236 So.2d 260 (La.App. 3 Cir. 1970); LaTour v. Fuselier, 228 So.2d 336 (La.App. 3 Cir. 1969); Morris v. Morris, 152 So.2d 291 (La.App. 1 Cir. 1963); Kieffer v. Heriard, 221 La. 151, 58 So.2d 836 (1952); Coston v. Coston, 196 La. 1095, 200 So. 474 (1941). Such evidence, however, must be so convincing as to exclude any other reasonable hypothesis but that of guilt. LaTour v. Fuselier, supra; Daigle v. Daigle, 222 So.2d 318 (La.App. 1 Cir. 1969); Hayes v. Hayes, 225 La. 374, 73 So.2d 179 (1954).
We agree with the trial judge that the evidence creates a suspicion that adultery was committed by Roy and Mrs. Bertrand. We cannot say, however, that the trial court erred in holding that plaintiff failed to prove by a preponderance of the evidence the material facts alleged in his petition. We thus find no error in that part of the judgment appealed from which rejects plaintiff’s demand for a judgment of divorce.
We also agree with the trial judge that defendant has failed to show adultery on the part of Mr. Bertrand.
The evidence shows that plaintiff Bertrand has visited Jeanette Sonnier often in his home and in hers, and that on one occasion Mrs. Sonnier went to Cameron with him and stayed overnight on the crew boat which he operates there. Bertrand explained that on that occasion he slept in quarters on the dock while Mrs. Sonnier and four children slept on the boat. The trial judge correctly found that the evidence does not show that Bertrand committed adultery. There is no error, therefore, in that part of the judgment which rejects Mrs. Bertrand’s reconventional demand for a divorce.
The sole remaining issue is whether the trial court erred in awarding the custody of the minor child to Mrs. Bertrand.
The child, Marilyn Bertrand, is ten years of age. She lived with Mrs. Bertrand’s sister from the time her parents separated, in November, 1969, until June or July, 1971. The defendant mother explained that she was not able financially to keep the child during that period, and that Marilyn also wanted to remain in the school she had been attending. The evidence shows that Mrs. Bertrand visited her daughter and that the child visited defendant often during that time. Marilyn has been living with her mother since July 15, 1971. We find that defendant is morally fit to care for the child, and that she is financially able to do so, with the alimony *131 and support which she receives from her husband.
The evidence also shows that the father is morally fit and financially able to care for the child. He works on a crew boat servicing off shore drilling rigs, however, and his employment makes it necessary for him to be away from his home for several days at a time. He testified that, although he is unable to care for the child personally, he could leave his daughter with his mother or with Mrs. Bertrand’s sister if he is awarded custody.
The paramount question to be considered and answered in determining to whom the custody of a child should be awarded is: What would serve the greatest advantage, the best interest and the best welfare of the child? Hebert v. Hebert, 255 So.2d 630 (La.App. 3 Cir. 1971). Under this rule, the mother’s right to the custody of her children, especially those of tender age, is usually preferred to that of the father. Hebert v. Hebert, supra; Nugent v. Nugent, 232 So.2d 521 (La.App. 3 Cir. 1970).
Applicable here also is the rule that the determinations made by the trial judge as to custody will not be set aside unless it clearly appears that there has been an abuse of discretion, or unless the judgment awarding custody has been based upon incorrect legal principles. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960).
Since the parties have been legally separated, it was appropriate for the trial court to award custody of the minor child in this proceeding. With the above mentioned rules in mind, we find no error in the decree of the trial judge awarding custody of Marilyn Bertrand to the defendant in this suit.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.