PRICE, Judge.
Kathryn Avery Acosta brought this action against her husband, Daniel Bernardo Acosta, seeking a separation from bed and board and the custody of their ten-month-old child, Daniel Bernardo Acosta, II. This appeal by plaintiff is from a judgment on trial of a rule rejecting her demands for custody and child support, and awarding the temporary custody to the father.
Plaintiff contends, on this appeal, that the granting of custody to the father is contrary to the so called “maternal preference rule” expressed in C.C. Article 146 and the decisions of the Supreme Court interpreting this article.
The thrust of her argument is that the defendant has the burden of proving she is an unfit mother and in the absence of such proof, the trial court must award her the custody of the child because of the preference accorded the mother under the decision of Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
The maternal preference rule as pronounced in Fulco is subject to certain qual *810 ifications as discussed by this court in Welch v. Welch, 307 So.2d 737 (La.App. 2nd Cir. 1975) as follows:
* * * “ [C] ustody of children of tender years should be awarded to the mother unless it would be to the greater advantage of the children for them to be entrusted to the care of the father. * * * [But] [t]he ‘maternal preference rule’ is only one of the factors to consider in determining what is best for the welfare of the children and is not controlling when there are other factors present which indicate it is to the best advantage of the children to award their custody otherwise.” Murphy v. Murphy, 293 So.2d 909 (La.App., 2nd Cir. 1974).
However, in actual operation, the maternal preference rule, instead of providing a complete guide for a decision of the custody issue, appears only to establish a presumption that the interest of a child will be better served by placing him in custody of the mother. Furthermore, the presumption appears to be a rebut-table one which must yield to convincing evidence that the greater advantage of the child will be served by entrusting his care to the father.
The determination made by the trial judge as to whether it is to' the advantage or in the best interest of the child to be placed in the custody of the father should not be disturbed by the appellate court in the absence of a clear abuse of discretion as mandated by the expression of the Supreme Court in Fulco v. Fulco, supra:
(4) Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Salley v. Salley, 238 La. 691, 116 So.2d 296 (1959); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Guillory v. Guillory, 221 La. 374, 59 So. 2d 424 (1952).
From our examination of the evidence in the record of this case, we do not find any clear showing of the abuse of discretion vested in the trial court.
The parties were married in January 1974, and at that time resided in Bossier City. In May 1975, several months after the birth of the child, plaintiff left defendant and moved to Pascagoula, Mississippi, where her mother resided. Around July 1, 1975, she persuaded defendant to leave his employment in Shreveport and to join her in Pascagoula. In November 1975, defendant returned to Bossier City with the child and established his residence with his parents at 3249 Caroline Drive.
The evidence shows plaintiff is a nineteen-year-old woman who has had some emotional problems prior to and after her marriage to defendant. There is also some evidence she uses marijuana and has on one occasion taken an overdose of sleeping pills. She has changed jobs seven times in the seven month period she has lived in Pascagoula and presently works as a laborer on a night shift in a shipyard. When plaintiff first moved to Pascagoula, she and the child resided with her mother who, although divorced, lives with a man to whom she is not married.
It is apparent from the trial judge’s reasons for judgment that he found it to be in the best interest of the child to temporarily remain in the custody of defendant as he appears to be more stable and the child would move certainly be given proper care in the home of the paternal grandparents in Bossier City.
We are of the opinion this conclusion of the trial judge is supported by sufficient *811 evidence and is within the limits of his discretion under the jurisprudence as outlined above.
For the foregoing reasons, the judgment appealed is affirmed at appellant’s costs.