363 So.2d 943 (1978)
Hurley VIDRINE, Plaintiff-Appellee,
v.
Shirley DEMOURELLE, Defendant-Appellant.
No. 6619.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
*944 Guy O. Mitchell, III, Ville Platte, for defendant-appellant.
Fruge & Vidrine, Chris B. Fruge, Ville Platte, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and CUTRER, JJ.
CUTRER, Judge.
Hurley Vidrine instituted this suit against his wife, Shirley Demourelle, seeking a separation and custody of their three minor children. By answer and reconventional demand, Shirley Demourelle asked for a separation on the ground of cruelty and for permanent custody of the children. She also filed a rule for temporary custody and alimony and child support. The rule was tried July 5, 1977, and Hurley Vidrine was awarded temporary custody of the children.
The trial on the merits for separation and permanent custody was held on October 21, 1977. In addition to the testimony of both parties, the trial judge personally interviewed each child privately in his chambers. The children's ages were 16, 12 and 9. Judgment was rendered in favor of Hurley Vidrine awarding him a judicial separation based on abandonment and custody of his three minor children. Shirley Demourelle was awarded alimony pendente lite in the amount of $100 per month. Shirley Demourelle appeals from this judgment.
The sole issue presented on this appeal is whether the trial court committed manifest error in awarding custody of the three children to Hurley Vidrine.
In Morrison v. Morrison, 316 So.2d 453 (La.App. 3rd Cir. 1975), writ refused, La., 322 So.2d 772, we stated:
"The paramount consideration in determining to whom custody should be granted is always the welfare of the children. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). The general rule is that it is in the best interest of the children to grant custody to the mother, and this *945 right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuited to be given custody of the children."
The maternal preference rule establishes a presumption that the interest of a child will be better served by placing him in the custody of the mother.[1] This presumption is a rebuttable one which must yield to convincing evidence that the greater advantage of the child will be served by entrusting its care to the father. Acosta v. Acosta, 334 So.2d 809 (La.App. 2nd Cir. 1976). Also, see Franklin v. Franklin, 338 So.2d 1199 (La.App. 3rd Cir. 1976). It is also proper to give more than casual consideration to the wishes of the children in light of their feeling of insecurity which would be experienced if placed in the custody of the mother. Hebert v. Hebert, 255 So.2d 630 (La.App. 3rd Cir. 1971).
The evidence reflects that Shirley Demourelle had had emotional problems for some time before she left her husband and three children in May of 1977. She had received treatment at the Mental Health Clinic before separation. Her testimony reflects an emotional state at time of trial. The youngest child was diagnosed as hyperactive and required treatment at the clinic also. Shirley Demourelle testified that she worked as a practical nurse on private duty. She preferred the shift which began at 11:00 P.M. and ended at 7:00 A.M. She would have to sleep during the day, which would leave her little time to look after the children. She further testified that she suffered with arthritis, asthma and allergy. She was living in a mobile home at the time of trial. The husband and children were living in the family home.
The evidence also reflects that Hurley Vidrine is at home practically all the time since he is disabled from a work-related accident. He, along with the help of the oldest daughter, is able to take care of the home and the children's needs. The children were interviewed separately and privately by the court. The court stated in oral reasons:
"Yes, I spoke to three children, and each one of them separately, and questioned them rather extensively. Each one of them told me that they wish to remain with their daddy. That they're satisfied there. That they go see their mother. They love their mother. He takes them whenever they want to go or the mother goes over to get them. And the eldest child told me since she's been living with her daddy, she doesn't have to take pills for the stomach. Her stomach is no longer troubling her. . . ."
It is well settled that the trial judge has much discretion in awarding the custody of the child whose parents have been legally separated or divorced, and his conclusions are entitled to great weight. His discretion on this issue will not be disturbed on review in the absence of a clear showing of abuse thereof. Hebert v. Hebert, supra; Franklin v. Franklin, supra; Acosta v. Acosta, supra. In this case, we find no such error.
For the reasons assigned, the judgment is affirmed and costs are to be taxed to the defendant.
AFFIRMED.
NOTES
[1] Civil Code Art. 157 was amended by Act 448 of 1977, effective September 9, 1977. Since the instant suit was filed on June 2, 1977, the amendment of Civil Code Art. 157 does not apply.