WATSON, Judge.
This action originated as a petition by Charles Weyerman against his former spouse for custody of the two minor children born of their marriage. Mrs. Carter answered and also filed a petition for a writ of habeas corpus against Weyerman demanding return of the children to her under a 1971 Texas decree of custody. The trial judge held, without assigning reasons, that custody of Curtis Wade Weyerman was to remain with the defendant, Mrs. Lana Wey-erman Carter, presently residing in New Mexico. No judgment was entered as to the other child, Charles Spencer Weyerman, who was not in the State of Louisiana at *1148 the time of the hearing and not subject to the jurisdiction of the trial court. Plaintiff has devolutively appealed.
Charles Weyerman and Lana Weyerman Carter were divorced in Texas on September 10, 1971. At that time, a decree was issued granting custody of the children to Mrs. Carter. The children resided with their mother until December of 1977, when they came to Louisiana to visit their father. While here the children apparently indicated that they preferred to stay with their father. Mr. Weyerman then enrolled the children in Acadia Parish schools. Mrs. Carter had the academic transcripts of both children sent to the appropriate Acadia Parish school.
On January 23,1978, Mr. Weyerman filed a petition for custody with the Fifteenth Judicial District Court, Parish of Acadia. Mrs. Carter answered the petition through her court appointed attorney and also filed a petition for habeas corpus on February 17, 1978, seeking the return of the two minors. Shortly thereafter, Mrs. Carter journeyed to Louisiana, and, without the knowledge of Mr. Weyerman, removed the younger child from school and took him out of the State of Louisiana.
The petition for custody and the writ of habeas corpus were heard contemporaneously. The trial court allowed Mrs. Carter to retain custody of the older boy.
The appellant urges that the trial court has made a determination adverse to the child’s “best interests” and did not give sufficient weight to his stated desire to remain with his father in Louisiana.
It is incumbent upon the party attempting to change custody to prove that a change will be in the best interest of the child. Bushnell v. Bushnell, 348 So.2d 1315 (La.App. 3 Cir. 1977). The trial judge is given much discretion in making this determination, which is accorded great weight by a reviewing court. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). The record shows no abuse of discretion here.
Curtis Wade Weyerman, age 14, testified that he preferred to live with his father, at least partially because of the duties assigned to him and his brother at the recently acquired family restaurant in New Mexico, where he and his brother helped to clean, operate the cash register, and wait tables. Nevertheless, both children were able to maintain good grades at school. (TR. 5 & 15). Curtis Weyerman had previously expressed a desire to live with his father but returned to his mother after a stay of 6 months with his father. A full consideration of all the testimony may have led the trial judge to believe Curtis’ present preference would be similarly short lived.
Even though the desires of a child who can sufficiently discern a parental preference should be considered, they “should not be controlling in determining to whom custody should be awarded”. Hebert v. Hebert, 255 So.2d 630 (La.App. 3 Cir. 1971). The trial court apparently gave proper consideration to Curtis Weyerman’s preference.
The children have lived with their mother for over six years and have been well cared for. A court is obviously reluctant to change custody under such circumstances.
There is no abuse of discretion in the trial court’s decision. It is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.