McCALEB, Justice.
 

 This is a suit for a divorce founded on the alleged infidelity of the wife. The parties were married on June 9, 1933 in Shreveport, Louisiana and have continuously lived together from that date until the filing of this suit on February 17, 1953. No children were born of the marriage. The husband charges in his petition that his spouse committed adultery on February 12, 1953, and again on February 14, 1953, with one George Lawhon in his-apartment located at 1753 Edwin Street in Shreveport.
 

 It appears from the record that the husband, having become suspicious of the association of his wife and Mr. Lawhon (whom she had known for over 20 years),, employed a detective agency to keep her under surveillance. During a period of three days of shadowing, the detectives-discovered that Mrs. Hayes visited the-apartment of Mr. Lawhon on two occasions and was also meeting him at a restaurant-cocktail lounge known as “The Cotton Bowl”.
 

 The substance of the testimony of these detectives is that, on Thursday February 12, 1953, Mrs. Hayes left the marital domicile at 207 Herndon Ave. and drove her car to the Lynwood Apartments on Edwin Street, where Mr. Lawhon occupied an. apartment with a Mr. Blount; that she arrived at the apartment building at 2:10 p.m. and went inside after parking her car and that she left the building at 5 :20 p.m., repairing to the Cotton Bowl Cocktail Lounge where she was later joined by Mr.. Lawhon. On the following day, Friday,. February 13th, the detectives saw Mrs.. Hayes at the Cotton Bowl at 7:45 p.m. where she met Mr. Lawhon and they re
 
 *377
 
 mained there together until 9 :35 p.m. On the next day, Saturday, February 14th, Mrs. Hayes’ car was seen, about 1:1S p.m., in front of the apartment house where Mr. Lawhon resided. At 1:55 p.m., she left and drove to her home.
 

 Defendant, in her testimony, readily admits her friendship with Mr. Lawhon and that she has visited his apartment on more than one occasion but vehemently denies the alleged acts of infidelity.
 

 The district judge, however, did not believe defendant’s protestations of continence. He harbored the view that, since she visited Lawhon’s apartment on more than one occasion and met him many times in a cocktail lounge, “ * * * it is mighty strong indication that something is wrong” and concluded that these acts were adequate to evince her adultery. Accordingly, a judgment of divorce was granted from which defendant has prosecuted this appeal.
 

 We are of the opinion that the judge erred in his resolution that the facts presented are enough to sustain the charge of adultery. While it is well settled that the unfaithfulness of a spouse may be established by indirect or circumstantial evidence forasmuch as, in the nature of things, it can seldom be proven by direct or positive evidence, Coston v. Coston, 196 La. 1095, 200 So. 474, Guidry v. Allemand, 216 La. 288, 43 So.2d 611 and Kicffer v. Heriard, 221 La. 151, 58 So.2d 836, the facts and surrounding circumstances must be such as to lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition. Salles v. Salles, 187 La. 914, 175 So. 618, Clark v. Clark, 207 La. 606, 21 So.2d 758, Rayner v. Rayner, 216 La. 1099, 45 So.2d 637, Savin v. Savin, 218 La. 754, 51 So.2d 41, Meyer v. Hackler, 219 La. 750, 54 So. 2d 7, Massa v. Thompson, 220 La. 278, 56 So.2d 422 and Arbour v. Murray, 222 La. 684, 63 So.2d 425. In other words, the circumstantial proof in these cases must be so convincing as to exclude any other reasonable hypothesis but that of guilt.
 

 Applying this principle to the facts of the case at bar, we have no hesitancy in deducing that the evidence submitted by plaintiff falls short of establishing the adultery of his wife. The most that can be said is that Mrs. Hayes has been exceedingly indiscreet in visiting a single man in his apartment where the opportunity of committing adultery was, in the main, unrestrained. But, as stated in Savin v. Savin, supra [218 La. 754, 51 So.2d 45], “ * * * for us to declare that they did, we must draw upon our imagination, and rule that whenever a man and a woman have the opportunity to, they do commit adultery”. This we cannot and should not do in the absence of other circumstances of such a nature as to make the conclusion fairly certain that the parties not only had the opportunity to commit the act but that they went to the place where it allegedly occurred for that purpose and that it was accomplished.
 

 
 *379
 
 Here, if we discard Mrs. Hayes’ denials •entirely (as it is evident that the trial judge did not believe her), there are no ■other links of impropriety intimately connected with her imprudent cor’ luct which would fortify an abiding belief that adultery was committed on either of the occasions she visited the apartment of Lawhon. Surely, her friendship with Lawhon extending over many years and her meeting him at a cocktail lounge cannot suffice.
 

 The judgment appealed from is reversed and plaintiff’s suit is dismissed at his costs.