205 So.2d 470 (1967)
Carol Ann Jarrell LOVELL, Plaintiff-Appellee,
v.
Thomas Jerry LOVELL, Defendant-Appellant.
No. 10912.
Court of Appeal of Louisiana, Second Circuit.
November 28, 1967.
Love, Rigby, Donovan, Dehan & Love, Shreveport, for appellant.
Irving M. Greenberg, Shreveport, for appellee.
Before AYRES, BOLIN, and BARHAM, JJ.
AYRES, Judge.
This is an appeal from that portion of a judgment denying defendant a divorce and the custody of two minor children.
Plaintiff and defendant, former residents of North Carolina, were married in that state March 26, 1962, after which they established their matrimonial domicile in Caddo Parish, Louisiana. Of their marriage, two children were born, Sheila Lynn Lovell and Sherie Lane Lovell, whose ages at this time are approximately 5 years and 3½ years, respectively. When their domicile was established in this State, defendant was in the U. S. military service and stationed at Barksdale Air Force Base. He continues in this service, but is presently stationed in Spain.
*471 Plaintiff and defendant were separated May 22, 1966, after which, on May 25, 1966, she instituted this action for a judgment of separation and custody of the children. Her action was based upon cruelty of such nature as to make their living together insupportable. Defendant denied plaintiff's right to a separation and, in reconvention, sought a divorce from his wife on the ground of adultery and, in the alternative, a judgment of separation on a charge of abandonment. He likewise sought custody of the children.
After trial, defendant was granted a judgment of separation. Plaintiff was, however, awarded custody of the children. This appeal followed.
The issues involved, factual in character, concern a sufficiency of the evidence with reference to the husband's demand for a divorce and the fitness of the wife for the care, control, and custody of the minors. As to the first of these issues, the rule, as pointed out in Hayes v. Hayes, 225 La. 374, 73 So.2d 179, 180 (1954), is that
"While it is well settled that the unfaithfulness of a spouse may be established by indirect or circumstantial evidence forasmuch as, in the nature of things, it can seldom be proven by direct or positive evidence, * * * the facts and surrounding circumstances must be such as to lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition. * * * In other words, the circumstantial proof in these cases must be so convincing as to exclude any other reasonable hypothesis but that of guilt."
The evidence in the instant case must be weighed by these guidelines.
Upon separation from her husband, Mrs. Lovell took an apartment on Elm Street in the City of Shreveport where she maintained herself and children. She was first employed in a department store at a wage of $55 per week, later transferring to the Western Electric plant where her earning was increased to $78 per week.
The evidence on the primary issue of Mrs. Lovell's adultery may be briefly summarized. Mrs. Lovell admitted that on April 25, 26, and 27, 1967, Ronald R. Hayes, who was in the U. S. Air Force at Barksdale Air Force Base, was in her apartment late at night, possibly until after midnight; that no one was in the apartment except her, Hayes, and the children, who were asleep. She further admitted that Hayes came to her apartment as many as two or three times a week and sometimes had lunch with her in the apartment; that she saw him practically every weekend on Lake Bistineau; that they were together socially, at movies, and ate and danced together. Other visits of Hayes to her apartment were admitted to have been made both before and after the three occasions to which reference has been made. She admitted it was possible that, on occasions, Hayes remained in her apartment as late as 1:00 or 2:00 o'clock in the mornings.
James B. Barrie who, together with Lovell, went to Mrs. Lovell's apartment and had it under surveillance April 25, 1967, from about 10:15 p. m. until 3:00 o'clock the next morning, testified that some person arrived and entered Mrs. Lovell's apartment about 10:30 p.m., following which the lights in the apartment were extinguished and that the person had not left the apartment when they discontinued their surveillance. Similar surveillances were conducted the next two nights with the same results.
Donald B. Stewart testified that he and Lovell went to Mrs. Lovell's apartment about 11:00 p.m. on May 12, 1967, and Hayes was there dressed in mid-thigh length pants without shoes, socks, or a shirt. Hayes made no explanation of his presence and remained after Stewart and Lovell departed. Lovell's testimony corroborated that of Barrie and Stewart.
There has been no rebuttal or denial of the testimony of these witnesses. Their *472 testimony is corroborated and strengthened by Mrs. Lovell's admissions. She attempted no explanation to account for Hayes' presence with her in her apartment at all hours of the night with the lights extinguished. Under these facts and circumstances, the proof, though circumstantial, is so convincing as to exclude any other reasonable hypothesis but that of Mrs. Lovell's guilt of the charge of adultery.
Of primary concern is the custody of the two minor daughters. LSA-C.C. Art. 157 provides that in all cases of divorce, the children shall be placed in the custody of the party who shall have obtained the divorce "unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other." In applying this article, it has been consistently recognized that the paramount consideration in determining to whom the custody of children should be given after divorce is the welfare, happiness, and best interests of the children themselves. The general rule is that the mother's right to the custody is preferred unless she has been found to be morally or otherwise unfit or unless she is incapable of giving the children proper care and guidance, and it is only in exceptional cases where it is to the greater advantage of the children that the custody should be entrusted to the father. Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3 (1953); Kieffer v. Heriard, 221 La. 151, 58 So.2d 836 (1952); Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456 (1949).
On several occasions the custody of children has been awarded to the mother even though the evidence established that she had committed acts of adultery. Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953); Brown v. Brown, 180 So.2d 106 (La.App., 2d Cir.1965); McCaa v. McCaa, 163 So.2d 434 (La.App., 2d Cir.1964writ refused); Bush v. Bush, 144 So.2d 119 (La.App., 4th Cir.1962); Baasen v. Baasen, 133 So.2d 908 (La.App., 2d Cir.1961). Thus, in these cases it was held that the evidence of adultery did not necessarily establish the mother's moral unfitness for the custody of her minor children.
The question posed here is the same as presented in the cases cited, that is: Does the indiscretion committed by the wife render her morally unfit for the care, control, and custody of her minor daughters? As was stated in Estopinal v. Estopinal, supra, "A person who is puritanically inclined would say that she is; one who is more practical would say she is not." Courts always endeavor, wherever possible, to take a practical view of such matters. We do not think that because of the indiscretions established in this record, grievous as they may be, the mother should be deprived of the legal custody of these children of such tender age as to require a mother's care and attention which cannot be otherwise supplied.
In this regard it appears appropriate to emphasize that the father is in the U. S. military service, stationed abroad, and is not in position to extend even the care and attention of which a father is capable. The children's grandparents, both maternal and paternal, reside in North Carolina. There is no showing of their inclination or ability to assume the duties incidental to the care, control, and custody of two grandchildren. Should the mother prove to be undeserving in the future, the law has wisely reserved to the father the right to apply to have the decree of custody changed.
For the reasons assigned, the judgment appealed is amended and recast; and, accordingly,
It is now Ordered, Adjudged, and Decreed there be judgment herein in favor of Thomas Jerry Lovell against the plaintiff, Carol Ann Jarrell Lovell, decreeing a divorce "a vinculo matrimonii," forever dissolving the bonds of matrimony and the community of acquets and gains formerly existing between them and awarding unto plaintiff, Mrs. Carol Ann Jarrell Lovell, the *473 permanent care, control, and custody of their minor children, Sheila Lynn Lovell and Sherie Lane Lovell, with the right granted unto Thomas Jerry Lovell to see and visit with the children at reasonable times, places, and hours.
Defendant, Thomas Jerry Lovell, is assessed with the costs, including the cost of this appeal.
Reversed and rendered.