387 So.2d 1308 (1980)
Deanna Lewis SKLAR
v.
Charles B. SKLAR.
No. 13497.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
*1309 Alan S. Fishbein, Baton Rouge, for plaintiff-appellant, Deanna Lewis Sklar.
Cordell H. Haymon, Baton Rouge, for defendant-appellee, Charles B. Sklar.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
The marriage of the parties to this action was beset with strife for a number of years, culminating with the husband's departure from the matrimonial domicile on April 17, 1977. During the following seven months, the parties made numerous efforts to resolve their differences, attending social gatherings together, taking a trip together, and engaging in sexual intercourse on a number of occasions. These efforts at reconciliation ceased in November 1977. Thereafter, the husband filed suit for separation based upon cruel treatment, and, in a separate suit, the wife sought the same relief on the grounds of cruel treatment and abandonment. After a lengthy trial, the judge dismissed the husband's suit and awarded the wife a legal separation. However, the court also concluded that the wife was guilty of fault, a determination which would bar her right to permanent alimony under La.Civ.Code art. 160. The only issue on appeal is whether the judge erred in finding the wife was guilty of such fault.
There is strong evidence in the record that the wife was guilty of fault between November 1977, when the parties ceased all attempts at reconciliation, and June 1979, when this matter was tried in district court. She began seeing another *1310 man, who became a frequent visitor at her home, doing yard work and engaging in other activities with her that made their relationship visible to friends and neighbors. They went on a camping trip together with her child and others, and shared a tent, although the evidence indicates the child also slept in the same tent. They went on bicycle tours together, and he took Mrs. Sklar and Gloria, the Sklars' daughter, to concerts at which both Mr. and Mrs. Sklar were playing. While there was no proof of adultery, these activities certainly constitute such cruel treatment as to render insupportable the parties' living together. La.Civ.Code art. 138. The record also is replete with evidence of fault chargeable to the wife prior to November 1977, the time at which all efforts at reconciliation apparently ended. Appellant wife argues that this fault can not be used to bar her claim to alimony, because the parties reconciled thereafter. We find this argument without merit. Since there was sufficient evidence of the wife's fault subsequent to November 1977, evidence of her fault prior to that date is corroborative. See, e. g., La.Civ. Code art 153. Even if the wife's acts after November 21, 1977-the date on which all efforts at reconciliation ceased-were not sufficient to constitute alimony-barring fault, the court is not convinced that a reconciliation took place between April 17, 1977, the date on which Sklar left the matrimonial domicile, and November 21, 1977, the date on which all efforts at reconciliation ceased.
A reconciliation takes place when there is forgiveness on the part of the injured spouse and an acceptance by the offender, together with a restoration and renewal of the marital relationship. Whether these factors have occurred must be determined by all of the circumstances of the given case. Martin v. Martin, 151 La. 530, 92 So. 46 (La.1922). See, also Garrett v. Garrett, 324 So.2d 494 (La.App. 2d Cir. 1976), and the cases cited therein.
During the period in question, the husband lived with one child in an apartment, and the wife remained at the family home with the other child. He made frequent visits and stayed overnight on several occasions, but there apparently never was a commitment by both parties, at the same time, to live together again in an effort to make their marriage work. Their reunions often were accompanied by sex but seldom, if ever, by a discussion of their marital problems and the ways in which such problems might be resolved. The picture is one of a couple which loved each other and were not happy living apart, but which also could not live happily together and knew that they could not. The law should not discourage efforts at reconciliation by confusing such efforts with real reconciliation.
We have not overlooked the fact that the husband's suit for separation on the grounds of cruel treatment was dismissed by the trial judge on a finding that a reconciliation had taken place. That judgment has no effect upon the holding in this case. The husband failed to appeal, and that suit is not before us; thus we are not faced with inconsistent holdings in consolidated suits in the same court, as was present in Thornton v. Moran, 341 So.2d 1136 (La.App. 1st Cir. 1976), writ granted and judgment reversed, La., 343 So.2d 1065, 1066; on remand La.App., 348 So.2d 79. The judgment in the husband's suit is final, but it does not preclude a finding by this court in this suit that a reconciliation did not take place. Res judicata does not apply, because the "causes"-a suit for separation of the ground of abandonment and a claim for alimony in a different suit for separation of the ground of cruel treatment-are not the same. La.Civ.Code art. 2286. Collateral estoppel does not apply in Louisiana, Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978), and the doctrine of Fulmer v. Fulmer, 301 So.2d 622 (La.1974) is inapplicable in this case.
We conclude the trial judge was not plainly wrong when he determined the wife was guilty of fault which precludes her from recovering alimony under La.Civ.Code *1311 art. 160. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by appellant.
AFFIRMED.