407 So.2d 1363 (1981)
Patricia C. BOUDREAUX, Plaintiff and Appellee,
v.
Milton Joseph BOUDREAUX, Defendant and Appellant.
No. 8504.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
Hopkins & Little, James E. Hopkins, Sulphur, for defendant-appellant.
Nathan A. Cormie, Lake Charles, for plaintiff-appellee.
Before CULPEPPER, CUTRER and STOKER, JJ.
CULPEPPER, Judge.
The plaintiff wife sues for divorce on the grounds of adultery, also requesting custody of the parties' minor child, alimony for herself and child support for the child. She alleges that Mr. Boudreaux left the matrimonial domicile on March 20, 1980 and committed adultery on May 24th and 25th, 1980. Mr. Boudreaux filed an answer and reconventional demand denying petitioner's allegations and praying for a judgment of separation in his favor, based on his wife's cruel treatment. Mrs. Boudreaux's first supplemental and amending petition was filed the same day, amending the dates of Mr. Boudreaux's alleged adultery to June 16th and 17th, 1980. Pursuant to stipulation of counsel, Mrs. Boudreaux was granted the care, custody and control of the minor child and $900 a month in alimony pendente lite and child support. Her second supplemental and amending petition, filed on December 8, 1980, alleged that Mr. Boudreaux had begun living with the woman with whom she had alleged he committed adultery. Mr. Boudreaux thereafter filed a supplemental and amending petition alleging that Mrs. Boudreaux had committed adultery on numerous occasions, specifically October *1364 13th and 14th, 1980, and to request a divorce on these grounds in his favor. After trial, judgment was rendered on February 3, 1981, granting a divorce in favor of Mrs. Boudreaux on grounds of defendant's adultery, finding her free of fault and awarding her permanent alimony and child support in the sum of $900 per month. From this judgment, defendant appeals, contending that the trial court erred in its finding that Mrs. Boudreaux was free from fault and thus entitled to permanent alimony.
The sole issue presented for this court's consideration is whether Mrs. Boudreaux was guilty of alimony-barring fault, either in the form of adultery or cruel treatment.
FACTS
Defendant's allegations of cruel treatment and/or adultery arise from his wife's relationship with a man named Monceaux. Mrs. Boudreaux and Mr. Monceaux became acquainted some five or six years before the trial of this matter. They met when hunting alligator on the same property. Thereafter they began hunting together frequently, but, according to their testimony, never alone. Mr. Monceaux became a frequent visitor at the parties' home, at least two or three times a week and sometimes several days in a row. Before Mr. Boudreaux left the matrimonial domicile, Mr. Monceaux was often at the house with Mrs. Boudreaux before Mr. Boudreaux even arrived home from work and before the couples' minor daughter, Maretta, arrived home from school. The Boudreauxs began socializing with Mr. Monceaux and his wife. Mr. Monceaux called the Boudreaux residence quite frequently, always requesting to speak to Mrs. Boudreaux, if Mr. Boudreaux answered the phone, but never vice versa, even though he professed to be a good friend of Mr. Boudreaux. Mrs. Boudreaux and Mr. Monceaux also conversed on the CB radio almost every morning and every night. Mr. Boudreaux testified that these conversations sometimes lasted until after he had gone to bed. It was also shown that Mr. Monceaux sometimes spent the night at the Boudreaux residence, both before and after Mr. Boudreaux left the matrimonial domicile.
After defendant moved out of the home, his wife's relationship with Mr. Monceaux continued. Even though Mr. Monceaux was then living with his own wife, the plaintiff washed his clothes and cooked for him sometimes, and also ran errands for him. On July 4, 1980, the two of them took a trip to Toledo Bend with Mrs. Boudreaux's son and daughter-in-law. The four of them shared a room, with Monceaux and plaintiff sharing the same bed. In September, Mrs. Boudreaux and her daughter-in-law met Monceaux and her son in Abbeville, where they all shared a motel room for several hours. The son and daughter-in-law both testified that on both of these occasions they did, for one reason or another, leave the couple alone for lengthy periods of time.
The Boudreauxs' son, Benny, further testified that on one occasion, while he was living with his mother, Mr. Monceaux had come to the house when Mrs. Boudreaux had already gone to bed, leaving instructions that she did not wish to see Monceaux. He nevertheless gained entry into her bedroom and they spent the night there together with the door closed.
Private investigators hired by Mr. Boudreaux to conduct surveillance of the couple testified that on the night of October 13, 1980, they saw the couple enter Mrs. Boudreaux's house alone around 8:15, and turn the lights off around 10:15. No one else entered or left the home from the time of their arrival until the investigators left the next morning around 7:00 A.M. They also testified they had telephoned the house before the couple's arrival and no one answered the phone. However, their testimony was inconsistent in that one testified that the man with Mrs. Boudreaux had a beard, and the other that he did not.
ALIMONY-BARRING FAULT
Defendant-appellant contends that the trial court erred in awarding Mrs. Boudreaux *1365 permanent alimony because he produced sufficient evidence to exclude every reasonable hypothesis other than that she committed adultery. He also argues that even if the evidence falls short of proving adultery, the wife's activities constitute cruel treatment rendering their living together insupportable, thus barring her claim to permanent alimony.
LSA-C.C. Article 160 provides that a spouse is entitled to alimony only when he or she has not been at fault. In Pearce v. Pearce, 348 So.2d 75 (La.1977), the Louisiana Supreme Court stated:
"... the word `fault' contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953); Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (1952); Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir. 1970).
"To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). The question of a wife's fault under the statute providing for alimony when a wife has not been at fault and has not sufficient means for her support is a factual one. Morgan v. Morgan, 260 So.2d 336 (La.App. 4th Cir. 1972). We have recognized that a trial court's findings of fact on the issue of a wife's `fault' will not be disturbed on appeal unless found to be manifestly erroneous. Williams v. Williams, 215 La. 839, 41 So.2d 736 (1949); Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43 (1948)."
Fault for purposes of permanent alimony preclusion is synonymous with the fault grounds for separation and divorce under LSA-C.C. Articles 138 and 139. Adams v. Adams, 389 So.2d 381 (La.1980); Smith v. Smith, 216 So.2d 391 (La.App. 3rd Cir. 1968). The wife bears the burden of proving her freedom from fault in order to be entitled to alimony following divorce. Brannon v. Brannon, 362 So.2d 1164 (La. App. 2d Cir. 1978); Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959).
We recognize the heavy burden of proof placed on one alleging adultery. The facts and circumstances must be such as to lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition, i.e., the proof must be so convincing as to exclude any other reasonable hypothesis but that of guilt of adultery. Helms v. Helms, 349 So.2d 441 (La. App. 3rd Cir. 1977); Hayes v. Hayes, 225 La. 374, 73 So.2d 179 (1954). We find it unnecessary, however, to reach the issue of the sufficiency of Mr. Boudreaux's proof of adultery. Even if Mrs. Boudreaux was not guilty of adultery, the evidence clearly shows she was guilty of alimony-barring fault.
Both Mr. Boudreaux and his daughter, Maretta, testified that he objected to his wife's relationship with Mr. Monceaux and voiced these objections. Mrs. Boudreaux and Mr. Monceaux were shown to have been quite affectionate with each other in front of others, including the Boudreaux's children. They called each other pet names, and hugged and kissed. They took trips together with her children and shared a room, although the evidence indicates that the children slept in the same room at least most of the time. Mr. Monceaux's wife subsequently separated from him, due to his relationship with Mrs. Boudreaux. In light of these activities and facts, and the evidence previously discussed, we find Mrs. Boudreaux's actions constituted mental cruelty sufficient to render insupportable the parties' living together. This cruel treatment is such as would support a judgment of separation in favor of Mr. Boudreaux under LSA-C.C. Article 138.
*1366 This holding is consistent with Bloodworth v. Bloodworth, 306 So.2d 812 (La. App. 3rd Cir. 1975). There the plaintiff wife was seen with another man frequently, had been seeing him for two years under circumstances which reasonably led the defendant husband to believe they were engaged in an illicit affair. We held that the wife was guilty of mental cruelty, justifying a judgment in favor of the husband. In Sklar v. Sklar, 387 So.2d 1308 (La.App. 1st Cir. 1980), the wife became involved with another man after separation from her husband. This relationship was visible to friends and neighbors. They went on trips together with her child and others and shared sleeping accommodations with the child, among other activities similar to those in the instant case. The First Circuit held that while there was not sufficient proof of adultery, these activities constituted such cruel treatment as to render the common life insupportable.
We find the facts and circumstances of this case present a sufficient showing of cruel treatment by Mrs. Boudreaux with respect to her continuing close relationship with Mr. Monceaux, that Mr. Boudreaux would have been entitled to a judgment of separation, in the absence of fault on his part. We therefore hold that the trial court was clearly wrong in its finding that Mrs. Boudreaux was free from fault and thus entitled to permanent alimony.
For the reasons assigned, the judgment appealed is reversed and set aside insofar as it holds plaintiff, MRS. Patricia Boudreaux, free of fault and awards to her permanent alimony. The judgment is amended to award child support only, in the amount of $450 per month, payable one-half on the 1st and one-half on the 15th of each month, subject to a credit for any amounts previously paid as permanent alimony at the rate of $450 per month. All costs in the trial and appellate courts are assessed one-half to each party. Otherwise than as reversed or amended, the judgment appealed is affirmed.
REVERSED IN PART, AMENDED AND AFFIRMED IN PART.