LANIER, Judge.
This case commenced as a suit for a legal separation by Silmon O’Neal Seal against his wife Brenda Louise Fournet Seal. Mrs. Seal answered the original petition and filed a reconventional demand for a legal separation, child support and alimony pen-dente lite. Mr. Seal answered the recon-ventional demand and filed a supplemental and amended petition seeking a divorce on the grounds of adultery. The trial court found that there was sufficient evidence to prove adultery and granted a judgment of divorce in favor of Mr. Seal. This suspen-sive appeal followed.[1]
The parties to this action were married in Poplarville, Mississippi, on November 21, 1960. They subsequently moved to Washington Parish, Louisiana, where they maintained their last matrimonial domicile and resided at the time of trial. On March 5, 1981, they physically separated when Mr. Seal moved out of the matrimonial domicile and have not reconciled since that time.
Mr. Seal testified that on July 23,1981, at approximately 12:50 A.M., he observed Mrs. Seal with James Baham in front of Ching’s Lounge in Bogalusa, Louisiana. He again saw Baham in Mrs. Seal’s trailer located on Jackson Street in Bogalusa on July 24,1981. As a result of these two encounters, he hired a private detective to place Mrs. Seal under surveillance.
Robert R. Little testified that he worked as a private investigator for Hawkshaw Investigations. On August 4, 1981, at 7:20 P.M., he observed Baham arrive at Mrs. Seal’s trailer. Baham subsequently left in his automobile. Mrs. Seal followed Baham in her automobile to Baham’s home on Seven Mile Road. They arrived at 8:23 P.M. Little did not see either party enter the house because of the location of his point of observation. The lights that Little could observe at the Baham house went out at 10:30 P.M. Little conceded on cross-examination that he did not know if he could see *422 all of the lights in the house, that he did not know if the house had window shades, and admitted that some lights could have been left on that he was unable to observe. Little did not know the floor plan of the Ba-ham house. The lights that he could observe came back on at 4:40 A.M. on August 5,1981. No vehicles left the premises prior to that time. At 5:30 A.M., Mrs. Seal left in her car and returned to her trailer in Bogalusa.
On August 21, 1981, at 11:00 P.M., Little observed Mrs. Seal leave the Bogalusa Medical Center and proceed to a house trailer on West Sixth Street where Baham’s automobile was located. At 1:40 A.M., Mrs. Seal left the trailer and drove her car past Little’s vehicle and then returned to the trailer. Mrs. Seal went in the trailer and shortly thereafter, Baham came out and parked his car behind Little’s car. At 2:10 A.M., a Washington Parish Deputy Sheriff arrived and checked Little’s identification. Baham then drove his car into a position to block Little and Mrs. Seal drove off.
A spouse’s innocence of immoral acts is presumed and the burden is upon the complaining spouse to prove an adulterous relationship by either direct or circumstantial evidence. Bynum v. Bynum, 296 So.2d 382 (La.App. 2nd Cir.1974). Neither Mr. Seal nor Little testified that they observed Mrs. Seal having intercourse with Baham, and Mrs. Seal denied that such a relationship took place.[2] Thus, Mr. Seal’s case is not supported by direct evidence and must be decided on circumstantial evidence. To warrant a divorce on the ground of adultery, circumstantial proof must be so convincing as to exclude any other reasonable hypothesis but that of guilt. Hayes v. Hayes, 225 La. 374, 73 So.2d 179 (1954); Billiot v. Rivere, 378 So.2d 512 (La.App. 4th Cir.1979). The mere fact that a man and woman are alone together does not necessarily create a presumption that adultery was committed. Hermes v. Hermes, 287 So.2d 789 (La.1973); Kendrick v. Kendrick, 232 La. 1104, 96 So.2d 12 (1957). An appellate court will not disturb a trial court’s finding of fact unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
There is no evidence in the record that Mrs. Seal and Baham were in each other’s presence in a state of undress and there is no evidence that on the night of August 4 and 5, 1981, they spent the night together in the same bedroom. Hanley v. Hanley, 381 So.2d 963 (La.App. 4th Cir. 1980); Soroe v. Soroe, 334 So.2d 543 (La. App. 4th Cir.1976). There is no evidence that the parties lived together as husband and wife or that they spent extended periods of time together behind a locked bedroom door. Cancienne v. Cancienne, 384 So.2d 843 (La.App. 4th Cir.1980), writ denied 392 So.2d 668 (La.1980). In the absence of corroborative evidence, such as that specified above, the mere fact that a man and a woman occasionally stay overnight on the same premises is not sufficient to prove adultery. Jessen v. Jessen, 386 So.2d 953 (La.App. 3rd Cir.1980). The ruling of the trial court that there was sufficient evidence to prove adultery in this case is clearly wrong.
For the foregoing reasons, the judgment of the trial court granting a divorce on grounds of adultery is reversed.[3] The appellee is cast for all costs.
REVERSED.

. La.C.C.P. art. 3942.

. Baham was not called as a witness.

. The appellant, Mrs. Seal, did not raise as an assignment of error the failure of the trial court to render judgment in her favor on the recon-ventional demand for a legal separation. Since that issue was not raised by this appeal, we cannot adjudicate it.