424 So.2d 1177 (1982)
Ann D. HEARD
v.
Albert HEARD.
No. 82 CA 0312.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
*1178 Joel B. Dickinson, Baton Rouge, for plaintiff-appellant Ann D. Heard.
A.J. Paul Fredrickson, II, Baton Rouge, for defendant-appellee Albert Heard.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
The issue in this case is whether or not the trial court erred in granting a divorce based on mutual fault.
*1179 The procedural history of this case is complex and parts of it are irrelevant. The pertinent procedural aspects are as follows. In July of 1979 plaintiff Ann Heard filed a suit for a separation, based on abandonment. No judgment was rendered. In September of 1979 she amended her petition to sue for a divorce on the basis of adultery. No further action was taken at this time, allegedly because of a reconciliation.
In December of 1980, plaintiff, using the same suit number, filed another petition and alleged she was entitled to a divorce based on the fact she and her husband had lived separate and apart for more than one year. A trial was held[1] and in February of 1981 judgment was rendered in plaintiff's favor. The court granted her alimony and child support.
In March of 1981 defendant filed a motion for a new trial as to the alimony and child support issues, which the court minutes reflect was granted. No further action was taken until some six months later, when in November of 1981 plaintiff filed a supplemental and amending petition, alleging she was entitled to a divorce based on defendant's adultery. This matter proceeded to trial and in January of 1982 judgment was rendered in favor of plaintiff, based upon the parties'"mutual fault." Child support, but not alimony, was awarded.
Plaintiff appealed this judgment, arguing the court erred in finding her at fault and therefore denying her alimony.
We note at the outset the court erred in granting a judgment based on "mutual fault." The concept of mutual fault is rooted in La.Civ.Code art. 141 which states a judgment of separation "... shall be granted although both spouses are mutually at fault...." However, this mutual fault is not an independent basis for separation (or divorce); rather, the fault contemplated by this article must be fault which is an existing independent ground for separation, such as those found in La.Civ.Code art. 138. Dixon v. Dixon, 357 So.2d 856 (La. App. 4th Cir.1978). Mutual incompatibility alone is not considered a grounds for separation or divorce. See Dixon, supra.
Having concluded the trial court erred in granting a divorce based on mutual fault, we must consider whether or not there was sufficient evidence for the court to have rendered a judgment based on the adultery charge. In oral reasons, the court stated Mrs. Heard had not sufficiently proved adultery. The only evidence concerning adultery was Mr. Heard's admission he was in fact living with another woman.[2] An admission of adultery, without other evidence, is insufficient proof upon which to dissolve a marriage. Ogea v. Ogea, 378 So.2d 984 (La.App. 3d Cir.1979), writ refused 1980. Mere uncorroborated testimony of one spouse, whether denied or admitted by the other spouse, does not constitute a preponderance of the evidence required to justify a judgment of separation or divorce. Ellois v. Ellois, 145 So.2d 123 (La.App. 4th Cir.1962). Therefore, we agree the proof was insufficient. Since there are no such grounds as "mutual fault" and since the evidence of adultery was insufficient, we must reverse the judgment of the trial court.
Plaintiff contends since there is no judgment in the record showing the granting of a new trial, but only a minute entry to that effect, the judgment rendered by the court on February 6, 1981, is still viable. (That judgment granted plaintiff a divorce based on living apart, and alimony.) We disagree.[3] *1180 We note the record in this case is in an utter state of confusion and we have attempted to understand the proceedings as best as possible. It is true there is no signed judgment granting the motion for the new trial, nor are there any proceedings showing a "new trial" (within the meaning of Code of Civ.P. art. 1971, et seq.) was actually conducted. We have only one trial and judgment in February of 1981, the minute entry showing the granting of a new trial[4] and then the next proceeding is a hearing on a rule for alimony arrearages which was on January 7 of 1982.
For reasons unknown to us, the new trial was apparently never pursued. However, the record does indicate Mrs. Heard amended her petition in November of 1981, seeking a divorce based on her husband's adultery. This matter proceeded to trial on January 22,1982 with full participation by both parties and their counsel. If plaintiff had considered the judgment of February 1981 to have been viable and definitive then she would not have amended her petition and gone to trial in 1982. It simply defies logic for plaintiff to proceed to trial on a matter and then on appeal to argue the trial was not necessary because there was a previous judgment which adjudicated the matter finally. In essence, plaintiff is raising the objection of res judicata for the first time on the appellate level. The objection is one raised through the peremptory exception and may be pleaded only prior to submission of the case in the trial court. La.Code Civ.P. arts. 927, 928. Her failure to do so at the trial level means she has waived her right to raise the objection.
Because of the rather unique posture of this case, we remand it to The Family Court for further proceedings. Plaintiff's 1980 petition was based on living separate and apart. She amended and supplemented the petition in late 1981 to also allege adultery. Therefore, when the case was tried in January of 1982 plaintiff could have gone forth on both grounds. The record shows only the adultery claim was pursued. In light of this, rather than dismissing the case, substantial justice would be done by remanding the case to The Family Court for the purpose of admitting evidence concerning the claim of living separate and apart. In addition, we find the record to be incomplete as to the issue of Mrs. Heard's fault. We, therefore, also remand for evidence as to fault.[5]
For these reasons the judgment of The Family Court is reversed; the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are to be paid by appellant, Ann Heard.
REVERSED AND REMANDED.
NOTES
[1] The transcript of this trial is not a part of the record.
[2] Counsel for plaintiff attempted to offer the testimony of Reverend Peter Bell which allegedly would have established Mr. Heard admitted to him he was residing with another woman. The court disallowed the evidence and its proffer due to the "priest-penitent" privilege. We need not decide the privilege issue because such evidence, even if admitted, has no probative value in establishing or corroborating adultery. If Mr. Heard's admission under oath in court cannot be given effect, then certainly his admission to a third party out of court is of no moment.
[3] Judgment on a motion for a new trial is an interlocutory judgment. Only final judgments need be signed. Code of Civ.P. arts. 1841, 1911. See also Code of Civ.P. art. 1914.
[4] We cannot determine from the minute entry the issues upon which a new trial was granted and, if less than all issues were involved, whether or not the judgment was to be held in abeyance as to all issues. Code of Civ.P. art. 1971.
[5] In a suit for divorce based on living separate and apart wherein a party seeks alimony, fault becomes an issue. Latino v. Latino, 400 So.2d 1152 (La.App. 1st Cir.1981).