438 So.2d 1149 (1983)
Robert A. WEAVER
v.
Marie Grace Manzella WEAVER.
No. 82 CA 1050.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*1150 Carvel A. Sims, Baton Rouge, for plaintiff-appellee Robert A. Weaver.
Paula Cobb, Baton Rouge, for defendant-appellant Marie Grace Manzella Weaver.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Robert A. Weaver, plaintiff, filed this suit for divorce on grounds of adultery against his wife, Marie Grace Manzella Weaver. Mrs. Weaver was personally served and when she failed to answer the suit, a preliminary default was entered against her. Later, the preliminary default was confirmed. When defendant's motion for a new trial was denied, defendant perfected this appeal. As her only specification of error, defendant alleges that the trial court erred when it found plaintiff had established a prima facie case for a divorce based on adultery. We agree with defendant and remand this case for a trial on the merits.
Louisiana Code of Civil Procedure article 1702 provides in part:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.
The law in Louisiana is clear that confirmation of a default judgment must be made by admissible and credible evidence sufficient to prove each element of plaintiff's claim with legal certainty, as fully as though each allegation had been specifically denied by defendant. Tucker v. Howes, 413 So.2d 585 (La.App. 1st Cir.1982); Cowell v. Dairyland Insurance Company, 399 So.2d 701 (La.App. 1st Cir.1981); Holland v. Aetna Life and Casualty Insurance Company, 385 So.2d 316 (La.App. 1st Cir.1980).
It is equally well established that in reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Colonial Bank v. Baptiste, 370 So.2d 681 (La.App. 4th Cir. 1979); Eddie's Hardware, Inc. v. Rago, 320 So.2d 276 (La.App. 4th Cir.1975). Thus, our review on appeal must be restricted to whether or not the record contains sufficient evidence to prove a prima facie case for divorce based upon adultery.
The question becomes just what manner of proof must be offered to establish a case of adultery against a party. Four witnesses testified at the confirmation hearing: plaintiff, plaintiff's mother, and two private investigators employed by plaintiff. The testimony of plaintiff and his mother was very short and was specifically limited to two subjects: (1) Were plaintiff and defendant once married and (2) Have they reconciled since their separation. Absolutely nothing was introduced suggesting defendant may have committed adultery.
Of the two private detectives only one, John Tyler, testified as to the facts of the case. The other, Paul Neal, merely stated that he accompanied Tyler during the investigation and his testimony would be substantially the same as Tyler's. Thus, the proof vel non of adultery rests entirely on Tyler's observations.
No one questions the fact that Tyler was aware of defendant's appearance and made a positive identification of her. After stating that he observed defendant at a house on Gladiola Street in Port Allen on the night of July 15, 1982, Tyler testified as follows:
Q. Did you obtain this address from Mr. Weaver?

*1151 A. Yes I did.
Q. What approximate time of day did you first observe her?
A. Seven-forty-five, July 15th.
Q. Is that a.m. or p.m.?
A. P.M.
Q. And at that time where was shenot the address, but what was she doing or where was she?
A. She was inside the house at 710 Gladiola Street.
Q. And did you determine that it was, in fact, heryou were satisfied that it was Maria Weaver?
A. Yes sir.
Q. Now, were there other people living at that house?
A. Two men.
Q. And did you observe them come in that evening?
A. Yes I did.
Q. And when did you observation end?
A. Six-thirty the next morning.
Q. And about what time did the lights go out at that house?
A. Two in the morning.
Q. And when the lights went out were these two men present with Maria at that address?
A. Yes they were.
This was the complete testimony on Tyler's knowledge of whether defendant had committed adultery.
A spouse's innocence of immoral acts is presumed and the burden is upon the complaining spouse to prove an adulterous relationship by either direct or circumstantial evidence. Bynum v. Bynum, 296 So.2d 382 (La.App. 2nd Cir.1974). Neither Mr. Weaver or Mr. Tyler testified that they observed defendant having intercourse with either or both of the "two men" in the house on Gladiola Street. Thus, plaintiff's case is not supported by direct evidence and must be decided on circumstantial evidence. To warrant a divorce on the ground of adultery, circumstantial proof must be so convincing as to exclude any other reasonable hypothesis but that of guilt. Hayes v. Hayes, 225 La. 374, 73 So.2d 179 (1954); Billiot v. Rivere, 378 So.2d 512 (La.App. 4th Cir.1979). The mere fact that a man and woman are alone together does not necessarily create a presumption that adultery was committed. Hermes v. Hermes, 287 So.2d 789 (La.1973); Kendrick v. Kendrick, 232 La. 1104, 96 So.2d 12 (1957). We think there is even less of a presumption of adultery when another man is alone with the other two people.
There is no evidence in the record that Mrs. Weaver and another man were in each other's presence in a state of undress and there is no evidence that on the night of July 15 or 16, 1982, they spent the night together in the same bedroom. Hanley v. Hanley, 381 So.2d 963 (La.App. 4th Cir. 1980); Soroe v. Soroe, 334 So.2d 543 (La. App. 4th Cir.1976). Furthermore, there is absolutely no evidence to suggest that defendant may have spent extended periods of time together behind a locked bedroom door. Cancienne v. Cancienne, 384 So.2d 843 (La.App. 4th Cir.1980), writ denied 392 So.2d 668 (La.1980).
It should be clear that the court is very much aware of the difficulty of, and possibly the danger involved in, proving adultery by direct evidence. However, in the absence of corroborative evidence, such as that specified above and in light of the very weak testimony of plaintiff's witnesses, the mere fact that defendant stayed overnight on the same premises with "two men" on July 15, 1982, is not sufficient to prove a prima facie case of adultery. Seal v. Seal, 421 So.2d 421 (La.App. 1st Cir.1982); Jessen v. Jessen, 386 So.2d 953 (La.App. 3rd Cir.1980). The ruling of the trial court that there was sufficient evidence to prove adultery in this case is clearly wrong.
For the foregoing reasons, the judgment of the trial court is annulled, vacated and set aside. The case will be remanded back to the trial court for further proceedings. The appellee is cast for the costs of this *1152 appeal. All other costs are to await a final determination on the merits.
VACATED AND REMANDED.
LOTTINGER, J., concurs and assigns written reasons.
LOTTINGER, Judge, concurring.
I respectfully concur in the result.
The only allegations of adultery in plaintiff's petition are as follows:
"VI
"Since their marriage, defendant has been guilty of adultery.
"VII
"Petitioner's wife's adultery entitled petitioner to an immediate divorce from her."
A default judgment must be based on admissible evidence, and in a default proceeding the pleadings cannot be expanded upon, Foltz v. Foltz, 197 So.2d 376 (La.App. 2nd Cir.1967) and Admiral Finance Company, No. 3 v. Mahoney, 121 So.2d 251 (La. App. 1st Cir.1960). Since plaintiff did not allege specific facts to support the allegation of adultery, plaintiff could not introduce any evidence leading to a conclusion of adultery.
Therefore, the judgment must be reversed and remanded.