479 So.2d 443 (1985)
Nelward Pontiff ZERINGUE
v.
Augustin Cecil ZERINGUE.
No. 84 CA 0913.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
Danny J. Lirette, Houma, for plaintiff and appellant Nelward P. Zeringue.
Robert L. Picou, Houma, for defendant and appellee Augustin Cecil Zeringue.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
Plaintiff, Nelward Pontiff Zeringue, filed suit for divorce on the grounds of adultery and, alternatively, for a separation from bed and board on the grounds of abandonment against defendant, Augustin Cecil Zeringue. Plaintiff also requested an award of alimony. Plaintiff subsequently amended her petition, seeking a separation on the grounds of adultery. Defendant filed an answer and reconventional demand, seeking, alternatively, a divorce on the grounds of adultery, a separation based on acts which rendered their living together insupportable, and a separation based on mutual fault.[1]
*444 After trial on the merits, the trial judge, in his written reasons for judgment, determined that both parties had committed adultery. The formal judgment provided "that there be judgment herein in favor of the Defendant, Augustin Cecil Zeringue, and against the Plaintiff, Nelward Pontiff Zeringue, granting a divorce a vinculo matrimonii to the parties on the basis of mutual fault.[2] The judgment did not mention plaintiff's request for alimony, and, apparently, this claim was rejected by the trial court.[3] Thereafter, plaintiff filed a motion for new trial, which was denied by the trial court.
From the trial court judgment granting defendant a divorce based on mutual fault, plaintiff appeals, alleging four assignments of error:
(1) The trial court erred in granting a "mutual fault" divorce;
(2) The trial court erred in not granting alimony to appellant because of her alleged fault;
(3) The trial court erred in finding that appellant was guilty of adultery in granting a divorce to appellee; and,
(4) The trial court erred as to whether or not the alleged fault on the part of the appellant was the proximate cause of the break-up of the marriage.

ASSIGNMENTS OF ERROR NOS. 1 & 3
Plaintiff contends that the trial court erred in granting a divorce based on mutual fault. Plaintiff reasons that the proper procedure would have been to grant one or both of the parties a divorce based upon the grounds enumerated in LSA-C.C. art. 139, and then to make a separate finding as to whether the fault of plaintiff, if any, was the proximate cause of the breakup of the marriage, thus precluding plaintiff's right to obtain alimony.
In Heard v. Heard, 424 So.2d 1177 (La. App.1st Cir.1982), this court addressed the issue of whether a divorce could properly be granted based upon the mutual fault of the parties. In Heard v. Heard, supra at 1179, we stated:
The concept of mutual fault is rooted in La.Civ.Code art. 141 which states a judgment of separation `... shall be granted although both spouses are mutually at fault....' However, this mutual fault is not an independent basis for separation (or divorce); rather, the fault contemplated by this article must be fault which is an existing independent ground for separation, such as those found in La. Civ.Code art. 138. Dixon v. Dixon, 357 So.2d 856 (La.App.4th Cir. 1978). Mutual incompatibility alone is not considered a grounds for separation or divorce. See Dixon, supra.

Accordingly, we conclude that the trial court erred in granting a divorce based on mutual fault.
Having so concluded, we must consider whether there was sufficient evidence for the court to have rendered a judgment based on the adultery charge.
In his written reasons for judgment, the trial court determined that both parties had committed adultery. Defendant admitted that he had committed adultery, and his testimony was corroborated by the woman with whom he was living at the time of the trial.
The trial judge, likewise, determined that plaintiff had committed adultery. In his written reasons for judgment, the trial judge stated:
On the night in question the Plaintiff stated that she went to a local motel where she had a drink with a man. They *445 then went to another motel where the man was staying. She admits to being in the man's room until 8:00 A.M. the following morning but maintains that she did not commit adultery. Her husband was outside in the parking lot of the motel watching the door to the room during this time.
Considering the totality of the circumstances of the wife's behavior and testimony, the Court does not find her testimony to be credible. She went to the motel room of a man who was a stranger to her, after having been drinking with him in a lounge or lounges for a considerable period of time; and would have the Court believe that she spent the ensuing eight or more hours only telling this stranger the story of her marital problems with her husband. When she discovered her husband was parked outside watching the room, she panicked and began to call her attorney and various members of her family, one of whom was a police officer, to find out what to do. This is hardly the behavior of someone who has been simply recounting the story of a failed marriage to a strange man. Before she left the room at about 8:00 A.M. someone who had been in the room came out, got in a truck, circled the parking lot of the motel, stopped in front of the room and sounded the horn. Only then did she exit the room and later see her husband and his friend who had moved the car and concealed themselves. The Court finds that she did in fact commit adultery on that night.
A spouse's innocence of immoral acts is presumed, and the burden is upon the complaining spouse to prove an adulterous relationship by either direct or circumstantial evidence. Weaver v. Weaver, 438 So.2d 1149 (La.App.1st Cir.1983); Seal v. Seal, 421 So.2d 421 (La.App.1st Cir.1982); Bynum v. Bynum, 296 So.2d 382 (La. App.2nd Cir.1974). Neither defendant nor any other witness testified that they observed plaintiff having intercourse with anyone, and plaintiff denied engaging in such a relationship. Thus, defendant's case is not supported by direct evidence and must be decided on circumstantial evidence.
When a party seeks to prove adultery by circumstantial evidence, the proof must be so convincing as to exclude any other reasonable hypothesis but that of guilt of adultery. Weaver v. Weaver, supra; Seal v. Seal, supra; Boudreaux v. Boudreaux, 407 So.2d 1363 (La.App.3rd Cir. 1981); Hayes v. Hayes, 225 La. 374, 73 So.2d 179 (1954).
Furthermore, an appellate court will not disturb a trial court's finding of fact unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Upon reviewing the record, we cannot say that the trial judge was manifestly erroneous in his findings of fact. Clearly, the circumstances and facts, as determined by the trial judge, indicate that there is no other reasonable hypothesis than that of adultery on the part of plaintiff.
Therefore, we conclude that the trial judge should have granted a divorce in favor of defendant and against plaintiff on the grounds of adultery.[4]

ASSIGNMENTS OF ERROR NOS. 2 & 4
In these assignments of error, plaintiff contends that the trial court erred in not awarding her permanent alimony.
LSA-C.C. art. 160 provides that a spouse is entitled to alimony only when he or she is free from fault. Lewis v. Lewis, 446 So.2d 995 (La.App.3rd Cir.1984). In Pearce v. Pearce, 348 So.2d 75, 77 (La. 1977), the Louisiana Supreme Court stated:
We have held that, under this statute respecting an award of alimony to a wife without `fault,' the word `fault' contemplates conduct or substantial acts of commission *446 or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953); Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (1952); Adler v. Adler, 239 So.2d 494 (La.App.4th Cir.1970). To constitute fault, a wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). The question of a wife's fault under the statute providing for alimony when a wife has not been at fault and has not sufficient means for her support is a factual one. Morgan v. Morgan, 260 So.2d 336 (La.App.4th Cir.1972). We have recognized that a trial court's findings of fact on the issue of a wife's `fault' will not be disturbed on appeal unless found to be manifestly erroneous. Williams v. Williams, 215 La. 839, 41 So.2d 736 (1949); Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43 (1948). In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. Trosclair v. Trosclair, 337 So.2d 1216 (La.App.1st Cir.1976). The factual findings of the trial court are therefore to be accorded very substantial weight on review. Gilberti v. Gilberti, 338 So.2d 971 (La.App.4th Cir.1976).
In the case sub judice, defendant left the matrimonial domicile in March of 1983. He had sexual relations with the woman with whom he was living at the time of trial in April of that same year. Plaintiff filed suit for divorce on May 16, 1983, and within days amended her suit to allege grounds for a separation. On May 28, 1983, the incident at the motel room took place. On June 7, 1983, defendant answered plaintiff's suit and filed a reconventional demand for divorce based on his wife's adultery. While the May 28th incident did not cause the physical separation of the parties, neither did defendant's act of adultery in April. However, both acts of misconduct are of an extremely serious nature and impeded the possibility of reconciliation. Each contributed independently to the breakup of the marriage. Such fault on the part of a spouse precludes an award of permanent alimony. LSA-C.C. art. 160; Pearce v. Pearce, supra. The trial judge correctly denied plaintiff an award of permanent alimony.

CONCLUSION
For the above reasons, the judgment of the trial court is amended to grant defendant a divorce based on adultery against plaintiff. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] Counsel for Nelward Pontiff Zeringue alleged in brief that her petition was subsequently amended at trial reurging her request for divorce. However, a search of the record does not reveal any such stipulation. This discrepancy is not crucial for a resolution of the issues in the case.
[2] For purposes of this appeal, the trial court judgment is controlling, even though the trial judge may have intended otherwise. Hebert v. Hebert, 351 So.2d 1199 (La.1977); Shatoska v. Whiddon, 468 So.2d 1314 (La.App.1st Cir.1985); Sibley v. Insured Lloyds, 442 So.2d 627 (La. App.1st Cir.1983); Myer v. Pagan, 439 So.2d 501 (La.App.1st Cir.1983).
[3] The judgment also does not dispose of plaintiff's original petition and amended petitions seeking a separation from bed and board based on defendant's adultery. However, neither counsel makes an issue of this on appeal.
[4] We note that plaintiff also had grounds to obtain a judgment of divorce in her favor and against the defendant based on adultery. The evidence clearly reflects that defendant committed adultery; however, in her pleadings, plaintiff did not request a divorce on the grounds of adultery. See footnotes 1 and 3, supra.