519 So.2d 229 (1988)
Mary Ann Roberts, Wife of Daniel Ronald ROBERTS, Sr.
v.
Daniel Ronald ROBERTS, Sr.
No. 87-CA-433.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 1988.
Rebecca S. Oser, Covington, for plaintiff-appellant.
Edwin R. Fleischmann, Jr., Metairie, for defendant-appellee.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
KLIEBERT, Judge.
Mrs. Mary Ann Roberts (wife) appeals a judgment of separation in her favor, based on cruel treatment and abandonment, and a judgment of divorce granted to Donald Roberts, her husband, based on their living separate and apart for more than one year without reconciliation, both dated February 4, 1987. The divorce judgment denied to the wife permanent alimony because of her post-physical separation fault, i.e., alleged adultery.
Although the appeal was of both judgments, the wife's assignments of error relate only to the denial of her request for permanent alimony because of her post physical separation fault, hence, we address only that issue. The wife contends the trial judge erred in denying her permanent alimony because she did not commit the alleged adultery and erroneously imposed the burden of proving the freedom of fault on her. Alternatively, if the court finds she was at fault she contends it was not of such a serious nature as to be the actual, independent, contributory or proximate cause of the separation and divorce. For the reasons hereinafter stated we affirm the trial judge's ruling.
In his reasons for judgment the trial judge stated that although there was contradictory evidence on the issue of the wife's adultery, he found "... Mary Ann Roberts committed acts of adultery after she and Dan Roberts, Sr. physically separated." He based this statement on his following appreciation of the evidence:
"At trial, it was testified that a Donald Bulen lived in Mary Ann's home for several months after the parties separated; Mary Ann admitted this fact herself. It was testified that Donald Bulen slept either on the couch or in Tara's room after Tara moved out.
Dan Roberts, Jr. testified that on one occasion he arrived home to finds (sic) his mother and Donald Bulen in her bedroom with the door closed. When he entered the bedroom, Dan, Jr. testified that Mary Ann and Donald Bulen were in bed and their bodies were covered by the blankets from the waist down. Both Mary Ann and Donald were nude from the waist up, and Mary Ann was in the process of pulling on her nightgown.
In regard to this incident, Mary Ann testified that she was experiencing trouble with her leg and Donald Bulen was examining it for her. She denied having engaged in sexual relations with Donald Bulen. There was testimony by Mary Ann, her sister, and her niece which questioned the veracity of Dan, Jr.'s testimony and his credibility as a witness.

*230 After weighing all of the testimony on this point, including the corroborating testimony of Tara Roberts, the court is convinced that Dan, Jr.'s account of the incident is truthful, and finds him to be a credible witness. The court finds that sufficient circumstantial evidence was introduced to prove Mary Ann's adultery and that all reasonable hypothesis of innocence were excluded by such evidence..."
He reasoned that based on these facts, Mary Ann Roberts was not entitled to permanent alimony as follows:
"The final matter before the Court is a request by Mary Ann Roberts for permanent alimony from her husband. Under Art. 160 of the Louisiana Civil Code, a spouse must prove two things in order to receive permanent alimony: first, the spouse requesting permanent alimony must show that he or she is in necessitous circumstances and the other spouse has the means with which to pay; and second, the spouse requesting permanent alimony must prove his or her own freedom from fault. LSA-C.C. Art. 160, Adams v. Adams, 389 So.2d 381 (La. 1980); Brannon v. Brannon, 362 So.2d 1164, 1167 (La.App. 2nd Cir.1978). [See also Helm v. Walker, Jr., 477 So.2d 842 (5th Cir.1985) ]. Freedom from fault is a prerequisite to obtaining permanent alimony, and must be affirmatively proved by the spouse requesting permanent alimony. Boudreaux v. Boudreaux, 407 So.2d 1363, 1365 (La.App. 3rd Cir.1981); Brannon, supra; Brister v. Brister, 402 So.2d 173, 174 (La.App. 1st Cir.1981). Evidence presented by counsel for Dan Roberts, Sr. was properly admitted in order to rebut Mary Ann Roberts' claims that she was entitled to permanent alimony.
It is well-settled in Louisiana that post-separation fault on the part of one spouse will preclude that spouse from seeking permanent alimony from the other spouse. Vaughn v. Vaughn, 487 So.2d 681, 684 (La.App. 5th Cir.1985). See also, Zeringue v. Zeringue, 479 So.2d 443 (La.App. 1st Cir.1985); Rutherford v. Rutherford, 452 So.2d 432 (La. App. 3rd Cir.1984). In order to preclude an award of permanent alimony, the post-separation fault must be of the magnitute that it would, if standing alone, constitute grounds for divorce. See Adams, supra; Zeringue, supra. Post-separation adultery has uniformly been held to be fault of such magnitude that it would preclude permanent alimony, Zeringue, supra; Orang v. Orang, 479 So. 2d 443, 445 (La.App. 1st Cir.1985) [sic]; Moon v. Moon, 345 So.2d 168, 172 (La. App. 3rd Cir.1977).
Courts have recognized tht (sic) the very nature of the act makes it impractical, if not impossible, to prove adultery through direct evidence; out of necessity, adultery must be proved by indirect and curcumstantial (sic) evidence. Hermes v. Hermes, 287 So.2d 789 (La.1973); Cancienne v. Cancienne, 384 So.2d 843 (La. App. 4th Cir.1980); Moon, supra. When circumstantial evidence is sued (sic) to prove adultery, the evidence must be such that it may be reasonable (sic) concluded that adultery has been committed and exclude all other reasonable hypotheses of innocence. Mathews v. Mathews, 459 So.2d 546, 549 (La.App. 5th Cir. 1984.)"
We have carefully reviewed the record and cannot say the trial judge was clearly or manifestly wrong in reaching his conclusion of fact; nor in his reasoning or appreciation of the law on post-separation fault. Moreover, we note that although the adultery occurred after the physical separation of the parties and the filing of the petition for separation, it occurred prior to the rendition of any judgment of separation by the court. Therefore, it involved post-physical separation fault rather than post-judicial separation fault which is the fault usually involved in the "post-separation fault" cases. See Vaughn, supra; Moon, supra.
Accordingly, we affirm the trial court's judgment. Cost of the appeal is to be borne by the wife.
AFFIRMED.